LEVY v. PERSONS et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1912. Rehearing Denied March 16, 1912.)

1. EVIDENCE (§ 83*)—PRESUMPTIONS—OFFICIAL PROCEEDINGS.

Where a sheriff's deed of sale under a judgment foreclosing a writ of attachment recites that notice of sale was given by posting at three public places, as authorized by the statute, if there is no newspaper published in the county, the court, in the absence of proof of a publication of a paper in the county, will presume that the sheriff did his duty and gave the notice according to law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

2. TRESPASS TO TRY TITLE (§ 38*)—TITLE OF PLAINTIFF—EVIDENCE.

A plaintiff in trespass to try title, who showed title to himself from a common source by deed from a grantor to a grantee, and from the latter to himself by virtue of a sale in at-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tachment, and who introduced the order of sale, with the sheriff's return thereon, established a prima facie case, though he did not introduce the sheriff's deed; and it devolved on defendant to rebut it to defeat a recovery.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by Sam Levy against W. C. Persons and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

See, also, 131 S. W. 446.

D. T. Garth, for appellant.

RAINEY, C. J. This is an action of trespass to try title, brought by appellant to recover of appellees a certain lot of land situated in the town of Teague, Tex.

Defendants pleaded the general issue, and a trial resulted in a judgment for defendants.

[1, 2] Appellant showed title to himself from a common source by deed from Persons to Hunter, and from Hunter to himself by virtue of an order of sale in attachment proceedings. Appellant introduced a judgment against Hunter, foreclosing a writ of attachment, and sale thereunder by sheriff. The sheriff's deed was excluded by the court, on the ground that it did not show that the land was advertised, under the order of sale, by publication in a newspaper in the county, as required by article 2366, Revised Statutes. The deed recites that notice was given by posting at three public places. The statutes authorize notice of sale to be thus given, where there is no newspaper published in the county, and, in the absence of proof of the publication of a paper in the county, the presumption will be that the sheriff did his duty and acted according to law. It was not necessary, however, for plaintiff to introduce the sheriff's deed to show a sale of the land. When he introduced the order of sale, with the sheriff's return thereon, he made a prima facie case; and it devolved upon defendant to rebut it to defeat plaintiff's right to recover. There was no evidence introduced by defendants; nor have they filed any brief in this court to support the judgment.

The judgment is reversed, and cause remanded.